UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRACY BRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-3213 |
| | ) | |
| PATTY SNEED, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding *pro se*, and currently incarcerated at Dixon Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Sneed and Baldwin, both IDOC officials in Springfield, Illinois, stole a grievance he sent to her from his place of incarceration, which appears to have been either Pontiac Correctional Center or Pickneyville Correctional Center. (Doc. 18 at 7). Plaintiff did not provide a copy of the grievance, but

he alleges that he did not get "proper relief" for it. *Id.* at 13. Plaintiff alleges that this violated his constitutional right to send and receive legal mail.

No plausible inference arises from Plaintiff's allegations that the defendants, as the intended recipients of Plaintiff's mail, interfered with Plaintiff's First Amendment right to send and receive mail. Neither defendant would have been responsible for processing his mail at his place of incarceration. Plaintiff does not have a due process right to a grievance process, and he has not alleged how defendants' alleged actions prejudiced any legal claims he may have. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (no substantive due process right to adequate grievance process); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (access-to-courts claim requires showing of harm). Accordingly, the Court finds that Plaintiff fails to state a claim.

**It is therefore ordered:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the**

**issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 16th day of January, 2020.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE